IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS D. DODSON, Jr. # M-36259,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-00109-JPG |
| ) | |
| **MENARD CORRECTIONAL CENTER,** ) | |
| **C/O BARFIELD, C/O BENEFIELD,** ) | |
| **MAJOR HASEMEYER,** ) | |
| **and COLLEEN COWAN,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Dennis Dodson, Jr., who is currently incarcerated at Menard Correctional Center ("Menard"), filed a *pro se* complaint, which is now before the Court for preliminary review (Doc. 1). As explained in greater detail below, Plaintiff's complaint violates the pleading requirements of the Federal Rules of Civil Procedure. As such, the complaint shall be dismissed without prejudice and with leave to amend.

## The Complaint

Plaintiff filed a complaint on January 31, 2014 (Doc. 1). When doing so, he used the Court's standard civil rights complaint form. However, he did not indicate whether he was pursuing relief under 42 U.S.C. § 1983, the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, or some other law (Doc. 1, p. 1).

Plaintiff also neglected to file the fifth page of the form. As a result, the complaint includes no "Statement of Claim." The Court advised Plaintiff of this fact on February 3, 2014. He was ordered to file the missing page or notify the Court, in writing, that he intended to rely on

the existing pleading, which includes several additional documents. Plaintiff's deadline for doing so was February 18, 2014. This deadline has now passed. The Court has received no communication from Plaintiff addressing the missing "Statement of Claim."

The documents filed along with the complaint shed little light on Plaintiff's claims. Plaintiff filed what appears to be a handwritten grievance from June 2013, as well as an administrative review board ("ARB") hearing summary from August 2013 (Doc. 1, pp. 7-12). Both documents describe an incident in which several correctional officers forced Plaintiff to request protective custody.

On June 12, 2013, Defendant Barfield stopped Plaintiff on the way back from a meal (Doc. 1, p. 8). He ordered Plaintiff to "fill [his] list out." Plaintiff did not know what this meant. When Plaintiff asked another officer, Defendant Benefield, to explain, the officer told Plaintiff to "pack [his] s#%@ and get out of cell house west" (Doc. 1, p. 8).

Confused, Plaintiff asked several other officers what was happening. He did not identify these officers by name. One of them said, "I should slit your throat." Another one said, "I should come into that cell and beat you're a#%" (Doc. 1, p. 9). Then, the officers, including Defendant Benefield, ordered Plaintiff to request protective custody by claiming that he feared for his life. Plaintiff did not know why the officers made this demand. He had only recently arrived at Menard and had no known enemies. Plaintiff complied with the order and requested protective custody. When Defendant Hasemeyer escorted Plaintiff out of the cell, Defendants Benefield and Barfield followed close behind threatening to sexually assault Plaintiff (Doc. 1, p. 10). Neither of them acted upon the threats, and no other incidents were noted.

It is unclear from the documents submitted with the complaint whether Plaintiff actually wanted protective custody or not. Despite being forced to request it, the ARB summary indicates

that Plaintiff challenged the denial of his request for protective custody (Doc. 1, p. 7). The ARB ultimately denied the grievance after finding that Plaintiff "ha[d] not provided sufficient information to warrant the offender's retention in Protective Custody" (Doc. 1, p. 7).

Plaintiff now demands $2,500-3,500 for "sexual threats and intimidations" and for "sexual discrimination and harassment" (Doc. 1, p. 5). He also alleges that Defendants subjected him to double jeopardy.

**Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure dictates that a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. APP. P. 8(a). Additionally, Rule 8(d) requires that each allegation within the complaint "must be simple, concise, and direct." FED. R. APP. P. 8(d)(1). The allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original). At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

As it is written, this Court has no way to assess Plaintiff's complaint or to determine whether Plaintiff has stated any legitimate claims. The Court notes a number of problems with the pleading. For example, Plaintiff did not indicate whether he filed this action pursuant to 42 U.S.C. § 1983 or some other law (Doc. 1, p. 1). While this alone is not determinative, other factors weigh in favor of dismissing the complaint and granting Plaintiff leave to amend it.

Most notably, the complaint lacks a statement of claim. And while Plaintiff's handwritten grievance could be construed as a statement of claim, the Court cannot clearly discern whether this was Plaintiff's intent (Doc. 1, pp. 8-11). Plaintiff was given an opportunity to clarify this matter for the Court and failed to do so.

Even construing the accompanying documents as Plaintiff's statement of claim, they shed little light on Plaintiff's claims. The grievance suggests, on the one hand, that Plaintiff was coerced into seeking protective placement (Doc. 1, pp. 8-11). The ARB summary suggests, on the other hand, that Plaintiff is challenging the denial of his request for protective custody and attempting to assert an Eighth Amendment claim against Defendants for abusive and threatening language (Doc. 1, p. 7). Either way, Plaintiff has failed to develop his claim. Plaintiff must indicate *who* specifically did *what* to violate his rights. Without a clear statement of the facts giving rise to Plaintiff's claims against each defendant, the Court cannot analyze whether any particular defendant violated Plaintiff constitutional, or other, rights.

Third, Plaintiff names Menard Correctional Center as a defendant. Plaintiff cannot maintain his suit against Menard. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Menard, which is a division of the Illinois Department of Corrections, is not a "person" within

the meaning of the Civil Rights Act, and is therefore not subject to a § 1983 suit. *See Will*, 491 U.S. at 71.

Because Plaintiff's complaint is too vague for the Court or Defendants to address, it shall be dismissed without prejudice. *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under FED. R. APP. P. 8(a) is permitted. . . ."); *Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001); *Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994).

However, Plaintiff shall be granted leave to file an amended complaint. When filing his amended complaint, Plaintiff should be careful to include sufficient facts to demonstrate that each defendant violated his rights—constitutional or otherwise. He should also indicate whether he is bringing this action pursuant to 42 U.S.C. § 1983 or some other law. As the events giving rise to this action occurred on June 12, 2013, it does not appear that Plaintiff faces an impending statute of limitations deadline. Therefore, he should not be prejudiced by the dismissal of these claims.

Plaintiff is **INSTRUCTED** to file a proper § 1983 complaint with this Court within 35 days of the date of this order. Failure to file a complaint will result in this action being dismissed for failure to comply with an order of this Court. FED. R. CIV. P. 41(b). The Clerk of Court is **INSTRUCTED** to send Plaintiff the appropriate form to submit a § 1983 claim.

**Pending Motion**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be held in **ABEYANCE** pending the receipt of his amended complaint.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is **GRANTED** leave to file his amended complaint **on or before April 3, 2014.** Should Plaintiff fail to file an amended complaint within the allotted time, dismissal will become with prejudice. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. APP. P. 41(b).

**IT IS SO ORDERED.**

DATED:  **February 27, 2014**

*s/ J. Phil Gilbert*
**United States District Judge**