IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS D. DODSON, Jr. # M-36259,** )<br>)<br>**Plaintiff,**  )<br>)<br>vs.  )<br>)<br>**MENARD CORRECTIONAL CENTER,**  )<br>**C/O BARFIELD, and C/O BENEFIELD,**  )<br>)<br>**Defendants.**  ) | Case No. 14-cv-00109-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of Plaintiff Dennis Dodson's amended complaint (Doc. 8), which he filed on March 28, 2014. The Court dismissed Plaintiff's original complaint on February 28, 2014 (Doc. 7), after determining that it violated the pleading requirements set forth in Federal Rule of Civil Procedure 8. However, the dismissal was without prejudice, and Plaintiff was granted leave to file an amended complaint by April 3, 2014 (Doc. 7, p. 6). The amended complaint is timely and is now subject to review under 28 U.S.C. § 1915A.

## The Amended Complaint

Plaintiff sues Menard Correctional Center and two of its correctional officers, Defendants Barfield and Benefield, for the following conduct:

> On 6/12/13, two officers approached me with prejudice and pure cruelty verbally with intentions to pysically (sic) do harm to me. Correctional officers Barfield & Benefield harassed me makeing (sic) sexual statements to pysically (sic) act on me in a sexual manner, at Menard Correctional Center while in west cell house cell 19 (#1 gallery cell #9). I was being removed to P.C. at about the same time of this incident.

(Doc. 8, p. 5). Although Plaintiff refers the Court to the "full incident report," no incident report was filed with the amended complaint. Plaintiff seeks monetary damages against Officers Barfield and Benefield in the amount of "$2,500 to $3,500" (Doc. 8, p. 6).

### **Merits Review Under 28 U.S.C. § 1915A**

The amended complaint is now subject to review pursuant to 28 U.S.C. § 1915A(a). Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the amended complaint, the Court finds it appropriate to exercise its authority under § 1915A and summarily dismiss this action.

### Discussion

This Court dismissed Plaintiff's initial complaint for lack of compliance with Federal Rule of Civil Procedure 8 (Doc. 7). The Court identified numerous deficiencies in the complaint and granted Plaintiff one opportunity to file an amended complaint addressing them. Plaintiff's amended complaint fails to meaningfully address any of the deficiencies. Moreover, it fails to state any claim upon which relief can be granted. For these reasons, the amended complaint shall be dismissed.

As in the original complaint, Plaintiff has, once again, neglected to indicate whether he is filing this action pursuant to 42 U.S.C. § 1983, the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, or some other statute (Doc. 8, p. 1). Nowhere in the amended complaint does Plaintiff refer to a statute, a constitutional provision, or any other legal basis for relief. The Court and Defendants are left to guess what kind of action Plaintiff is bringing. This oversight violates the Court's original dismissal order (Doc. 7, p. 3).

Plaintiff also continues to name Menard Correctional Center as a defendant. The Court previously indicated that Plaintiff cannot maintain a suit against Menard (Doc. 7, p. 4). This, too, violates the Court's original dismissal order.

And although Plaintiff includes a statement of claim this time around, it clearly runs afoul of the pleading standards discussed in *Twombly* and *Iqbal*. Plaintiff's single paragraph statement of claim does not include "enough facts to state a claim to relief that is plausible on its face" against any particular defendant. *See Twombly*, 550 U.S. at 570. Plaintiff alludes to the defendants' intentions to cause him physical harm and their sexual comments directed at him

(Doc. 8, p. 5).  Beyond this, however, the amended complaint does not describe any conduct that caused Plaintiff to suffer actual harm.  Although Plaintiff refers to an "incident report," he filed no copy of it with the amended complaint.  He also fails to identify those facts set forth in the report that support his claims.  Once again, the Court and Defendants are left to guess what claims Plaintiff is attempting to assert against them.  This, too, violates the Court's order to "indicate *who* specifically did *what* to violate [Plaintiff's] rights."

Given Plaintiff's blatant disregard of the Court's original dismissal order (Doc. 7) and his failure to state a claim upon which relief can be granted, the amended complaint shall be dismissed.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED**.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's amended complaint (Doc. 8) is **DISMISSED** on the merits with prejudice.

Defendants **MENARD CORRECTIONAL CENTER, C/O BENEFIELD,** and **C/O BARFIELD** are also **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that this case will be closed for failure to comply with an Order of this Court under Rule 41(b) of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted.  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action

was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  April 16, 2014**

*s/ J. Phil Gilbert*
**U.S. District Judge**
